UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SISA BUTU, | : |
| Plaintiff, | : Civil Action No. 17-7754 (ES) |
| v. | : OPINION |
| CITY OF ENGLEWOOD, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon defendants City of Englewood, Englewood Police Department, Desmond Singh and Timothy Torrell's (collectively, "Defendants") motion to dismiss Plaintiff Sisa Butu's[1] ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss" or the "Motion"). (D.E. No. 11). Plaintiff did not file any opposition to the Motion. Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b).

As set forth below, the Court GRANTS Defendants' Motion to Dismiss.

**I. Background**[2]

On February 22, 2017, Plaintiff filed the original complaint ("Complaint") in this matter. (D.E. No. 1, Complaint ("Compl.")). He identified "Bergen County/City of Hackensack" and Bergen County Prosecutors' Office as the two defendants in the caption of the Complaint. (*Id.*).

---

[1] The Clerk of the Court is directed to amend the docket to reflect the correct spelling of Plaintiff's name as "Butu."

[2] The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

In the body of the Complaint, he identifies only Bergen County and Bergen County Prosecutors' Office as defendants. (*Id.* ¶¶ 4b, c). Against Bergen County, he states that it failed to supervise employees of Bergen County Superior Court to ensure they were not violating the constitutional rights of "racial minorities, etc." (*Id.* ¶ 4b). Against the Prosecutors' Office, he alleges that they falsely imprisoned and maliciously prosecuted Plaintiff, claiming that he committed aggravated assault upon "Dean Smith." (*Id.*). After a trial on those charges, Plaintiff states that he was acquitted. (*Id.*). He further states that the Prosecutors' Office "gave false information to the media." (*Id.*). In the body of the Complaint, Plaintiff further elaborates as follows:

> On November 14, 2013, Plaintiff was falsely imprisoned on accusations of assault upon his own relative in the City of Englewood. On November 13, 2014, a trial was held and the plaintiff was acquitted for said matter. Defendant #3 maliciously prosecuted Plaintiff without any lawful reason or probable cause to do same. The plaintiff was acquitted on February 18, 2016 for these allegations ands now brings forth this complaint.
>
> Defendant City of Hackensack and County of Bergen are directly liable for Plaintiffs [sic] damages due to the following policy statements, ordinances, regulations, or decisions formally adopted and promulgated by government rulemakers, which were in effect at the time of this incident and which were the clear underlying cause of plaintiffs [sic] injuries . . . .

(Compl. at 5).

After the issuance of summons, two notices of call for dismissal, two extensions of time for service, and before any defendants were served, Plaintiff filed an amended complaint ("Amended Complaint"). (D.E. No. 10, Amended Complaint ("Am. Compl.")). In his Amended Complaint, Plaintiff names the City of Englewood, Englewood Police Department, Desmond Singh, Timothy Torrell and John/Jane Does 1–10. He alleges that on or around November 13, 2013, Englewood Officers arrested him for assault, hindering apprehension, and weapon possession. (Am. Compl. ¶ 7). Defendants Torrell, Singh, and Does "wrongfully induced and/or

2

facilitated the charges, made false and/or contradictory oral and written reports, and/or gave false or misleading testimony to the public, concerning the incident." (*Id.* ¶ 8). On or around February 9, 2016, Plaintiff was acquitted of the crimes charged. (*Id.* ¶ 9).

According to Plaintiff, his First and Fourteenth Amendment rights were violated because he was subjected to "false, slanderous and stigmatizing statements in public by the defendants acting under the color of State law." (*Id.* ¶ 12). More specifically, on an unspecified date, defendant Torrell "publicized a statement not presented and unknowing of all the facts stated that Sisa Butu slashed a 16-year old minor to Media outlet, but had facts to prove that this statement was false." (*Id.* ¶ 19). Plaintiff further alleges that defendants City of Englewood and Englewood Police Department "by and through the defendants and their supervisors and any final decision makers, as a matter of policy and practice, thus acted with malice, a reckless and deliberate indifference to the Constitutional rights and federal Civil Rights of the plaintiff and other private citizens." (*Id.* ¶ 26). He further alleges that "the acts, omissions, systemic flaws, policies, and customs of the [city and police department] caused the defendant police officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to commit misconduct or tactics and denial of rights against members of the public such as the plaintiff and others in the future." (*Id.* ¶27). Plaintiff is seeking monetary damages.

On February 28, 2019, Defendants filed a Motion to Dismiss the Amended Complaint (the "Motion"), arguing that: (1) "Plaintiff's amended complaint is a nullity as to the Englewood Defendants due to Plaintiff's failure to seek leave of court pursuant to Federal Rule of Civil Procedure 15(a)(2);" (2) "Plaintiff should not be permitted to add the Englewood [d]efendants as he was not diligent in amending his complaint, nor were the Englewood [d]efendants timely

3

provided with notice or sufficently [sic] described in the Complaint;" and (3) Plaintiff's claims are substantively barred by the statute of limitations and the Tort Claims Act. (D.E. No. 11-1).

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether there is "a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

So, the inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus*, 641 F.3d at 563.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (internal quotation marks, textual modifications, and citations omitted)).

## III. DISCUSSION

The bulk of Defendants' Motion focuses on whether Plaintiff's Amended Complaint was permissible and whether the claims against Defendants are barred by the statute of limitations.[3]

Section 1983 claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14-2. Thus, Plaintiff's § 1983 claims are governed by a two-year statute of limitations. *See Cito*, 892 F.2d at 25. The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v.*

---

[3] The statute of limitations is an affirmative defense. Nevertheless, if a timeliness defect is apparent from the face of the complaint, it may be subject to dismissal under Rule 12(b)(6):

> Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that '[e]very defense ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion....' The defenses listed in Rule 12(b) do not include limitations defenses. Thus, a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.

*Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citations and quotations omitted).

*Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Though it is not clear, it appears that Plaintiff's § 1983 claims include false arrest/imprisonment and malicious prosecution. A claim of false arrest, and the accompanying claim for false imprisonment, accrues immediately upon the arrest at issue. *Wallace*, 549 U.S. at 389–90 & n.3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (accrual of a claim for false arrest occurred on the date the plaintiff "was arrested and charges were filed against him"). Nevertheless, while the claim accrues upon arrest, the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *Alexander*, 367 F. A'ppx at 290 n. 2 (citing *Wallace*, 549 U.S. at 389–90); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011). A malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

According to the Complaint, Plaintiff was arrested on November 13, 2013. (Am. Compl. ¶ 7). On February 9, 2016, Plaintiff was acquitted of the charges. (*Id.* ¶ 9). While Plaintiff does not provide the date upon which he was arraigned, even assuming the statute of limitations began to run for both claims on the date he was acquitted (February 9, 2016), his December 13, 2018 Amended Complaint was filed approximately ten months beyond the two-year limit. Therefore, the claims asserted against Defendants will be time-barred unless Plaintiff proves that the claims relate back to the original Complaint under Rule 15(c). *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001) ("Rule 15(c)[ ] provides for the 'relation back' of amended complaints

6

that add or change parties if certain conditions are met, in which case the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint.").

Because Plaintiff names only new parties, three conditions must be satisfied for the Amended Complaint to relate back to the filing of the original Complaint. First, the new claims must have arisen from the same conduct set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(C). Second, within the time period provided by Rule 4(m), the newly named parties must have "received such notice of the action that [they] will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Third, the newly named parties must have "kn[own] or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

It is without question that the new claims rise from the same conduct as set out in the original Complaint as the factual allegations about the incident are essentially identical. *See Garvin*, 354 F.3d at 222 ("[C]learly the new claims against the individual officers alleging excessive force 'arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" (citing Fed. R. Civ. P. 15(c)). With regards to the second requirement, for purposes of Rule 15(c)(1)(C)(i), the "time period provided by Rule 4(m)" includes any court-ordered extension of the time for service. *See Lopez v. Bucks Cty.*, 2016 WL 3612056, at *4 n.5 (E.D. Pa. July 5, 2016) (extending the Rule 15(c)(1)(C) notice period to include the extension granted by the court for time of service); *Williams v. City of York, Pa.*, No. 15-0493, 2016 WL 2610007, at *7 (M.D. Pa. May 6, 2016) (same). Accordingly, as a result of Judge Mannion's June 5, 2018 Order (D.E. No. 8), the relevant notice period under Rule 15(c)(1)(C)(i) was extended through July 20, 2018.

7

The notice requirement of Rule 15(c)(1)(C) "does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary*, 266 F.3d at 195. However, "the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Id.*

Because knowledge of actual notice is difficult to obtain by a plaintiff, the Third Circuit has allowed district courts to impute notice under two possible methods:

> The first is the "shared attorney" method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." The second is the "identity of interest" method, and is related to the shared attorney method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.

*Garvin*, 354 F.3d at 222–23 (quoting *Singletary*, 266 F.3d at 196–97); *see also Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) ("Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party.").

In this case, the Englewood Defendants have argued that actual service during the 90-day Rule 4(m) period did not occur. (D.E. No. 11-1 at 12). Moreover, it appears that neither method of imputing notice is applicable. The City of Hackensack/Bergen County defendants from the initial Complaint and the Englewood defendants do not share an attorney and nor are they "so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin*, 354 F.3d at 227. In fact, there does

not appear to be any connection between the defendants from the initial Complaint and the defendants from the Amended Complaint.  As such, and because Plaintiff has made no arguments to the contrary, Plaintiff cannot meet the second prong of Rule 15(c)(1)(C).  *See Garvin*, 354 F.3d at 222 (discussing that the burden of proving each of the three conditions rests on the plaintiff).  Because all three requirements are necessary to permit relation back, *see id.*, the Court will grant Defendants' Motion.[4]  However, in light of Plaintiff's pro se status, and because it does not appear futile to permit amendment at this time, the Court will allow Plaintiff to file a second amended complaint which must properly address the issues discussed herein regarding the statute of limitations/relation back, as well as any tolling arguments.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.[5]  Plaintiff is granted leave to file a second amended complaint to address the deficiencies identified above within thirty days.  An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] The Court notes that Plaintiff has also failed to meet the third requirement as there is no suggestion that the Englewood Defendants "knew or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

[5] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any intended state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")