Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SISA BUTU,<br><br>                 Plaintiff,<br><br>        v.<br><br>CITY OF ENGLEWOOD, *et al.*,<br><br>                 Defendants. | Civil Action No. 17-7754 (ES)(MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

        This matter is before the Court upon defendants City of Englewood, Englewood Police Department, Desmond Singh, and Timothy Torrell's (collectively, "Englewood Defendants") motion for judgment on the pleadings as to plaintiff Sisa Butu's ("Plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure 12(c). (D.E. No. 27 ("Motion")). Also before the Court is defendants Bergen County's and Bergen County Prosecutor's Office's (the "Bergen County Defendants") motions to dismiss. (D.E. Nos. 37 & 39). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court GRANTS the Englewood Defendants' Motion and, pursuant to 28 U.S.C. § 1915A(b), DISMISSES the claims against the Bergen County Defendants. The Bergen County Defendants' respective motions to dismiss are thus TERMINATED as moot.

## I.     BACKGROUND[1]

The Court discussed the procedural history of this case in its September 30, 2020 Order and will only include background information necessary for this Opinion.  Plaintiff filed the original complaint in this matter on February 22, 2017, apparently alleging claims against "Bergen County/City of Hackensack" and Bergen County Prosecutor's Office. (D.E. No. 1 ("Complaint" or "Compl.")).[2]  Plaintiff generally alleged that he was falsely imprisoned and maliciously prosecuted by Bergen County Prosecutor's Office, which also "gave false information to the media." (*Id.* ¶4c). Plaintiff alleged that Bergen County and City of Hackensack were also liable for his damages in their roles as decision makers and were responsible because of certain unspecified "policy statements, ordinances, regulations, or decisions" that were the "clear underlying cause" of Plaintiff's injuries. (*Id.* ¶¶ 4b & 6).

On December 18, 2018, more than a year after the initial Complaint was filed and before any defendants were served, Plaintiff filed an amended complaint.  (D.E. No. 10 ("Amended Complaint" or "Am. Compl.")).  In his Amended Complaint, Plaintiff dropped the City of Hackensack, Bergen County, and Bergen County Prosecutor's Office as defendants and, instead, named the Englewood Defendants. (*Id.* ¶¶ 2–5).  Plaintiff alleged that the individual Englewood police officers wrongfully arrested and imprisoned him, wrongfully induced the prosecution against him, and "gave false or misleading testimony to the public." (*Id.* ¶¶ 7–9, 12 & 19). Against City of Englewood and Englewood Police Department, Plaintiff alleged that they were liable as "final decision makers" who, "as a matter of policy and practice," violated Plaintiff's rights

---

[1]     The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

[2]     The Complaint identified "Bergen County/City of Hackensack" and Bergen County Prosecutor's Office as the defendants in the caption of the Complaint. (*Id.*). In the body of the Complaint, however, Plaintiff only identified Bergen County and Bergen County Prosecutor's Office as defendants. (*Id*. ¶¶ 4b & c).

protected under the Constitution. (*Id.* ¶ 26).

On February 28, 2019, the Englewood Defendants filed a motion to dismiss the Amended Complaint, which the Court granted on September 30, 2019. (D.E. Nos. 11 & 14). The Court found that the claims against the Englewood Defendants asserted in the Second Amended Complaint were time-barred and did not "relate back" to the original Complaint. (D.E. No. 13 at 7–9). In light of Plaintiff's *pro se* status and the fact that amendment was not futile at the time, the Court allowed Plaintiff to file a second amended complaint to address the statute of limitations and relation back issues. (*Id.* at 9).

Pursuant to the Court's prior Order, Plaintiff filed a second amended complaint, which now asserts claims against the Englewood Defendants and the Bergen County Defendants. (D.E. No. 15-3 ("Second Amended Complaint" or "SAC")). The Second Amended Complaint reiterates almost verbatim allegations from the Amended Complaint. (*Compare* SAC ¶¶ 9–12 & 29–46 *with* Amend. Compl. ¶¶ 7–28).[3] In addition, Plaintiff alleges that, on November 14, 2013, defendant Singh executed an "erroneous and false complaint before the Judge of the County Court of Bergen County, New Jersey, falsely stating that Plaintiff, on November 13, 2013, unlawfully and willingly committed an act in violation of N.J.S.A. 2C:12-1(a), commonly known as aggravated assault upon his own 16-year old [sic] son." (SAC ¶ 13). Plaintiff also alleges that defendant Torrell relied upon the false statements of defendant Singh in executing the warrant issued, which led to Plaintiff's arrest. (*Id.* ¶¶ 15–16). Plaintiff submits that, on March 20, 2014, a Bergen County grand jury returned an indictment against him and, on February 14, 2016, defendant Bergen County Prosecutor's Office maliciously prosecuted him. (*Id.* ¶¶ 18–19). Plaintiff alleges that

---

[3] The only changes made to these allegations are: (i) Plaintiff now states he was arrested on or around November 14, 2013, as opposed to November 13, 2013, as he previously alleged; and (ii) Plaintiff now states that he was acquitted on or around February 18, 2016, as opposed to February 9, 2016, as he alleged in his Amended Complaint. (*Compare* SAC ¶¶ 9 & 11 *with* Amend. Compl. ¶¶ 7 & 9).

3

defendant Singh falsely imprisoned him against his will and "repeatedly refused and neglected to take reasonable and necessary action to ascertain the falsity of Plaintiff's imprisonment." (*Id.* ¶ 22). While the causes of action are not entirely clear, Plaintiff generally asserts claims against the Englewood Defendants and the Bergen County Defendants for false arrest and imprisonment (Count I), malicious prosecution (Count II), violation of his rights under the First and Fourteenth Amendments for "false, slanderous and stigmatizing statements in public" (Count III), and defamation under New Jersey law (Count IV). (*Id.* ¶¶ 13–46). Relevant here, Plaintiff seeks monetary damages. (*Id.* ¶¶ 28, 34 & 46).

On October 19, 2020, the Englewood Defendants filed the instant Motion, seeking a judgement on the pleadings that Plaintiff has failed to state a claim against them. (*See generally* D.E. No. 27-1). They argue that Plaintiff's claims against them remain barred by the statute of limitations and that Plaintiff's Second Amended Complaint fails to cure the deficiencies identified in the Court's prior Order. (*Id.* at 1 & 5–8). Plaintiff filed an opposition to the Motion. (D.E. No. 32 ("Pl. Opp. Br.")).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(c)

Under Federal Rule of Civil Procedure 12(c), a court will grant judgment on the pleadings if "the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). Courts evaluate a Rule 12(c) motion that alleges that the plaintiff failed to state a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *Turbe v. Gov. of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether there is "a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B.     Standards for a *Sua Sponte* Dismissal

When a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity, the complaint must be screened by the Court. 28 U.S.C. § 1915A(a). Section 1915A(b) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief against a defendant who is immune from such relief.

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). Thus, as discussed above, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter"

to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.*; *see also Iqbal*, 556 U.S. at 678.

### C. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus*, 641 F.3d at 563.

### III. DISCUSSION

#### A. Englewood Defendants

The Englewood Defendants contend that Plaintiff's claims against them are barred by the statute of limitations and that the Second Amended Complaint did not cure the defects previously found by the Court. The Court agrees.

As explained in the Court's September 30, 2019 Opinion, Plaintiff's § 1983 claims are governed by New Jersey's two-year statute of limitations for personal-injury torts. N.J. Stat. Ann.

6

§ 2A:14-2; *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).  The limitations period begins to run on a false arrest/imprisonment claim "when the individual is released, or becomes held pursuant to legal process."  *Alexander v. Fletcher*, 367 F. App'x 289, 290 n.2 (3d Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).  A malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

The Court previously found that the limitation period on Plaintiff's false arrest/imprisonment and malicious prosecutions claims began to run, at the latest, from February 9, 2016, the date Plaintiff was acquitted.[4]  (D.E. No. 13 at 6).  Plaintiff's Amended Complaint was thus filed approximately ten months beyond the two-year limit.  (*Id.*).  The Court further found that Plaintiff's Amended Complaint did not relate back to the filing of the original Complaint, which was filed within the statutory period, because Plaintiff failed to meet the necessary conditions under Federal Rule of Civil Procedure 15(c)(1)(C).  (*See generally id.* at 7–9).  More specifically, the Court found that the Englewood Defendants had no actual or imputed notice of the initial Complaint because, *inter alia*, there did not appear to be any connection between the defendants from the initial Complaint and the Englewood Defendants, and that there was no indication that the Englewood Defendants "knew or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity."  (D.E. No. 13 at 8–9).

Plaintiff filed the Second Amended Complaint on October 30, 2019.  Along with his Second Amended Compliant, Plaintiff filed a motion to amend his Amended Complaint, which

---

[4] As indicated above, Plaintiff's Second Amended Complaint now states that he was acquitted on or around February 18, 2016, as opposed to February 9, 2016.  (*Compare* SAC ¶ 11 *with* Amend. Compl. ¶ 9).  The nine-day difference between the two dates is inconsequential for purposes of the Court's analysis herein.

was denied as moot, as the Court had already given Plaintiff leave to file the Second Amended Complaint. (D.E. Nos. 15 & 17). Within that motion, however, Plaintiff submits that he "just discovered that, by virtue of a typographical error, the caption is not consistent with the body of the complaint." (D.E. No. 15 ¶ 3). While it is unclear which caption or complaint Plaintiff refers to, Plaintiff's opposition to Defendants' Motion further "concedes that in his original complaint he mistakenly named 'City of Hackensack' as a defendant when he should have named City of Englewood." (Pl. Opp. Br. at 6). Plaintiff then argues that "a 'mistake' for these purposes may 'flow[] from a lack of knowledge' or 'inaccurate description.'" (*Id.* at 7).

Plaintiff appears to argue that his failure to name the Englewood Defendants in the initial Complaint was a mistake due to his lack of knowledge, and that, as a result, his claims against the Englewood Defendants relate back to the original pleading. The Third Circuit has found that "[a] 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description . . . [b]oth errors render the plaintiff unable to identify the potentially liable party and unable to name that party in the original complaint." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006). The Third Circuit also held that amendments only "will relate back to the original complaint if the party *had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake*." *Id.* at 209 (emphasis added). As the Court previously explained in detail, nothing in the initial Complaint indicated that the Englewood Defendants should have known that they would have been named but for Plaintiff's "mistake," and the Second Amended Complaint does not cure that deficiency. To the best of the Court's ability to ascertain Plaintiff's allegations, the only allegation that potentially links the original Complaint and the Second Amended Complaint is that Bergen County, who was named in both complaints, is allegedly "legally responsible for the overall operations of the City of Englewood."

8

(*See* Compl. ¶¶ 4b & 6; SAC ¶ 2).  Despite the fact that Bergen County was never served in this action, these allegations are insufficient to put *the Englewood Defendants* on notice such that they "should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).  Because Plaintiff fails to meet the requirements under Rule 15(c)(1)(C), the Court grants the Englewood Defendants' Motion.

### B. Bergen County Defendants

As explained above, 28 U.S.C. § 1915A(b) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief against a defendant who is immune from such relief.  Because the Court finds that Bergen County Prosecutor's Office is not a "person" subject to suit under § 1983 and that the Second Amended Complaint fails to allege any facts to support a malicious-prosecution claim, it will dismiss the claims against Bergen County Prosecutor's Office.  Moreover, because, as discussed elsewhere in this Opinion, Plaintiff fails to sufficiently allege any underlying violations of his constitutional rights, his *Monell* claim against Bergen County necessarily fails.  Accordingly, claims against the Bergen County Defendants are dismissed under 28 U.S.C. § 1915A(b).

### i. *Bergen County Prosecutor's Office*

Plaintiff appears to raise a malicious prosecution claim against the Bergen County Prosecutor's Office.[5]  Initially, the Court finds that Bergen County Prosecutor's Office is not a "person" under § 1983.  States and state agencies are not considered "persons" within the meaning

---

[5] To be sure, Plaintiff asserted no claims against any individual prosecutors, either in their official capacity or their individual capacity.  Nor does Plaintiff make any argument regarding individual prosecutors in his opposition brief.

9

of § 1983. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996). And "[a] prosecutor's office, when engaged in its law enforcement and investigative roles, is considered to be a state agency and is therefore not a 'person' subject to suit under [§ 1983]." *Henry v. Essex Cnty. Prosecutor's Office*, No. 16-8566, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017) (citing *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 854–55 (3d Cir. 2014); *see also Taylor v. New Jersey*, No. 18-11310, 2019 WL 460220, at *2 (D.N.J. Feb. 6, 2019) (collecting cases). On the other hand, when "prosecutors perform administrative functions unrelated to the duties involved in criminal prosecutions, they are not acting as arms of the state, but as county officials who remain subject to § 1983 suits." *Hof v. Janci*, No. 17-295, 2017 WL 3923296, at *5 (D.N.J. Sept. 7, 2017) (internal quotation marks and citations omitted).

Here, Plaintiff alleges that the Bergen County Prosecutor's Office "maliciously prosecuted [P]laintiff, by way of a jury trial." (SAC ¶ 19). This allegation against Bergen County Prosecutor's Office is based solely on the prosecution of Plaintiff, which is part of the classic law enforcement functions of the prosecutor's office. *See Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996). The Court thus concludes that the Bergen County Prosecutor's Office acted as an arm of the state and therefore is not a "person" subject to suit under § 1983. *See id.* at 1505–06; *Estate of Lagano*, 769 F.3d at 854–55.

Alternatively, even liberally construed, the Second Amended Complaint failed to sufficiently state a claim against Bergen County Prosecutor's Office. Plaintiff generally alleges that "[d]efendants were responsible for the institution or continuance of the original felony criminal proceedings against Plaintiff;" that "[d]efendants did at the times and in the manner set forth above prosecute the plaintiff maliciously;" and that "[t]he felony criminal proceedings instituted and continued against Plaintiff were wholly without legal or probable cause, were

10

instituted and continued with malice, and the proceedings were terminated in favor of Plaintiff." (SAC ¶¶ 25–27). Despite the conclusory nature of these allegations, the Second Amended Complaint's references to "defendants" as a group, with no specific identification as to which defendant engaged in what specific alleged misconduct, are insufficient to allow the Court to draw the reasonable inference that each defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678; *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir.2012) ("dismissal of § 1983 action was appropriate where Defendants were collectively sued as '[government] personnel' and failed to allege the personal involvement of the individual Defendants")). With respect to Bergen County Prosecutor's Office specifically, as discussed above, Plaintiff makes a single conclusory allegation that it "maliciously prosecuted [P]laintiff, by way of a jury trial." (SAC ¶ 19). Under the Rule 12(b)(6) standard, the Court must "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). Plaintiff thus has alleged absolutely no facts to support a malicious prosecution claim other than his acquittal.

Because Bergen County Prosecutor's Office is not a "person" under § 1983 and, alternatively, because Plaintiff fails to allege sufficient facts to allow the Court to make the reasonable inference that a claim of malicious prosecution is probable, Plaintiff's claims against the Bergen County Prosecutor's Office are dismissed. *See Iqbal*, 556 U.S. at 678.

   *ii.* ***Bergen County***

In the body of the Second Amended Complaint, Plaintiff fails to make any specific allegations against Bergen County. (*See generally* SAC). Bergen County is only named in the caption and apparently referenced among the list of defendants. (*Id.*) For this reason alone, the

11

Second Amended Complaint should be dismissed as to defendant Bergen County for failure to allege a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

In his opposition to the instant Motion, Plaintiff relies on paragraph 44 of the Second Amended Complaint to argue that Bergen County is liable because it maintained a policy, practice, or custom, which caused Plaintiff's rights to be violated. (Pl. Opp. Br. at 5 (citing SAC ¶ 44)). Paragraph 44 of the Second Amended Complaint, however, simply alleges that:

> The defendants, CITY OF ENGLEWOOD and ENGLEWOOD POLICE DEPARTMENT, by and through the defendants and their supervisors and any final decision makers, as a matter of policy and practice, thus acted with malice, a reckless and deliberate indifference to the Constitutional rights and federal Civil Rights of the plaintiff and other private citizens.

Nowhere in Paragraph 44 is Bergen County mentioned, and allegations regarding the unspecified "supervisors and any final decision makers" fall woefully short of providing a fair notice to Bergen County of the allegations Plaintiff asserted against it. *See* Fed. R. Civ. P. 8(a). Finally, to the extent that Plaintiff attempts to identify in his opposition brief that Bergen County is among the unspecified "supervisors" and "final decision makers," a plaintiff may not amend his complaint through a brief opposing a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

Additionally, even assuming that the Second Amended Complaint properly identified Bergen County as the entity whose policy or custom causes the alleged violations to Plaintiff's constitutional rights, the claims against Bergen County still must be dismissed. This is because "[a] municipality may incur liability under § 1983 only when its policy or custom causes a

particular constitutional violation." *Marable v. W. Pottsgrove Twp.*, 176 F. App'x 275, 282–83 (3d Cir. 2006) (citing *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978)). In determining *Monell* liability, courts will determine first whether a constitutional injury occurred, and second, whether the injury resulted from a "policy or custom" of the municipal defendant. *Marable*, 176 F. App'x at 282–83. As discussed above, because the Court finds that Plaintiff fails to sufficiently allege any underlying violations of his constitutional rights, Plaintiff's *Monell* claims against Bergen County must also be dismissed.[6]

## IV. CONCLUSION

Based on the foregoing, the Englewood Defendants' Motion is GRANTED. Plaintiff's claims against the Bergen County Defendants are also DISMISSED. Plaintiff has amended his Complaint twice and the Second Amended Complaint did little to address the deficiencies the Court previously highlighted. As such, the Court finds that further amendment would not only be futile but would needlessly waste scarce judicial resources and unfairly burden the defendants. *See, e.g.*, *Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [Plaintiff] one opportunity to amend, this dismissal is with prejudice."); *accord Foster v. Raleigh*, 445 F. App'x 458, 460 (3d Cir. 2011); *Venditto v. Vivint, Inc.*, No. 14-4357, 2015 WL 926203, at *15 (D.N.J. Mar. 2, 2015); *Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, No. 13-1586, 2015 WL 502039, at *7 (D.N.J. Feb. 5, 2015). Accordingly, Plaintiff's federal claims asserted in his Second Amended Complaint are DISMISSED *with prejudice.* Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any intended state law claims, which are DISMISSED

---

[6] To be clear, Plaintiff also fails to allege any specific policy or custom that Bergen County has, which caused the alleged constitutional violations. *See Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (holding that a complaint will be dismissed for failing to state a plausible claim under *Monell* if the plaintiff fails to specify the relevant policy or custom and simply paraphrases the elements of a *Monell* claim).

*without prejudice*.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."). Pursuant to 28 U.S.C. § 1367(d), Plaintiff is free to bring his state law claims in a state court within 30 days of the entry of the Order accompanying this Opinion.  An appropriate Order follows.

Date: August 18, 2021

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**