Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SISA BUTU,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF ENGLEWOOD, *et al.*,<br><br>      Defendants. | Civil Action No.: 17-7754 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Sisa Butu's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) challenging the Court's August 18, 2021 Opinion and Order (D.E. Nos. 40 & 41). (D.E. Nos. 45 ("Motion") & 45-2 ("Mov. Br.")).[1] Defendants oppose the Motion. (D.E. Nos. 46, 47 & 48). The Court has considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court **DENIES** the Motion.

## I.  BACKGROUND

The Court summarizes the relevant procedural history and incorporates the recitation of facts as stated in its September 30, 2019 Opinion. (*See* D.E. No. 13). This case arises out of a

---

[1]  The Motion is styled as a "Motion to Appeal for Reconsideration/Remand." (*See* D.E. No. 45). The Motion is untimely under Local Civil Rule 7.1(i), under which a party may file a motion for reconsideration within 14 days of entry of the original order or judgment. However, under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Moreover, under Rule 60(b), a party may move to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons within "a reasonable time" after the entry of the judgment. As between Rule 59(e) and Rule 60(b), the distinction typically turns on whether the motion is filed within the time specified by Rule 59(e). *See New Castle Count v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1176 (3d Cir. 1991). Plaintiff filed the Motion within 28 days of the entry of the Court's Order dismissing his claims and is therefore timely under Rule 59(e). Accordingly, the Court construes the Motion as brought pursuant to Rule 59(e).

false imprisonment and malicious prosecution action brought by Plaintiff in October 2017 against defendants County of Bergen and the Bergen County Prosecutor's Office. (D.E. No. 1). On December 18, 2018, Plaintiff filed an Amended Complaint against the City of Englewood, Englewood Police Department, Desmond Singh, and Timothy Torell (collectively, the "Englewood Defendants"). (D.E. No. 10). On October 30, 2019, Plaintiff filed a Second Amended Complaint, renaming the County of Bergen and Bergen County Prosecutor's Office as defendants in addition to the Englewood Defendants. (D.E. No. 15).

On October 19, 2020, the Englewood Defendants filed a motion for judgment on the pleadings, which Plaintiff opposed. (D.E. Nos. 27 & 32). On July 16, 2021, the County of Bergen filed a motion to dismiss the Second Amended Complaint. (D.E. No. 37). On July 29, 2021, the Bergen County Prosecutor's Office also filed a motion to dismiss the Second Amended Complaint. (D.E. No. 39). Both motions were unopposed. On August 18, 2021, the Court considered all three of Defendants' motions collectively and dismissed the Second Amended Complaint. (D.E. Nos. 40 & 41). On September 13, 2021, or 26 days later, Plaintiff filed the instant Motion. (D.E. No. 45). On September 14, 2021, Plaintiff filed a notice of appeal of the August 18, 2021 Opinion and Order. (D.E. No. 43).

On December 2, 2021, the Third Circuit dismissed Plaintiff's appeal for failure to pay the requisite fee. (*See* D.E. No. 49). Although Plaintiff has since paid the fee, as of the date of this Opinion, the Third Circuit has not reopened the appeal.

## II.     LEGAL STANDARD

Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 (3d Cir. 2013). Relief should be granted "sparingly" under Rule 59(e) because

"reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

"A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Pellicano*, 540 F. App'x at 98.

### III. DISCUSSION

As a preliminary matter, Defendants contend that this Court lacks jurisdiction to consider Plaintiff's motion because Plaintiff has appealed the dismissal of his claims to the Third Circuit. (*See* D.E. Nos. 46–47). "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). Nonetheless, a district court retains jurisdiction to decide a timely motion under Rule 59(e). *See id.* at 122; *see also United States v. Rogers Transp., Inc.*, 751 F.2d 635, 635, 637 (3d Cir. 1985). Thus, the Court retains jurisdiction to consider the Motion.[2]

Plaintiff's Motion is premised on the alleged availability of newly discovered evidence. (Mov. Br. ¶ 7). Plaintiff vaguely asserts that new evidence has become available to support his

---

[2] Moreover, as previously noted, the Third Circuit dismissed Plaintiff's appeal for failure to pay the requisite fees. (*See* D.E. No. 49). Although Plaintiff has since paid the fees, it appears that the Third Circuit has not reopened the matter.

Finally, even if the Third Circuit reopens Plaintiff's appeal, this Court retains jurisdiction because it has not dismissed the Englewood Defendants' crossclaims for contribution and indemnification against the other defendants. *See Waldorf v. Shuta*, 142 F.3d 601, 611 (3d Cir. 1998). So that Plaintiff may proceed with his appeal, the Court dismisses the crossclaims as moot.

claims that the Englewood Defendants violated his civil rights, yet he does not submit any evidence he wishes the Court to consider. (*See id.*). Moreover, none of the allegedly new evidence addresses the deficiencies set forth in the August 18, 2021 Opinion dismissing his claims against the Englewood Defendants as time-barred. (*See* D.E. No. 40 at 6–9). Specifically, Plaintiff fails to demonstrate that the newly discovered evidence shows that his claims against the Englewood Defendants relate back to the claims he raised in the original complaint. (*See id.*). Further, "'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011) (quoting *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)). Nothing before the Court suggests that the evidence Plaintiff seeks to present was unavailable to him when he filed his opposition to the Englewood Defendants' motion for judgment on the pleadings. Accordingly, Plaintiff fails to meet the standard to alter or amend judgment. *See id.* at 415.

Plaintiff also argues that the Court should grant the Motion because he was not provided an opportunity for oral argument. (*See* Mov. Br. ¶¶ 3–8). It is true that a litigant has the right to be heard. *Berger v. Hahnemann Univ. Hosp.*, 765 F. App'x 699, 703 (3d Cir. 2019). However, that right is satisfied "where the plaintiff receives the 'opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion.'" *Id.* (quoting *Dougherty v. Harper's Mag. Co.*, 537 F.2d 758, 761 (3d Cir. 1976)). Here, Plaintiff had an opportunity to be heard through his extensive briefing, which the Court carefully considered. Therefore, denying his claims without oral argument was not manifestly unjust. *See id*.

4

## IV. CONCLUSION

For the reasons set forth below, the Motion is **DENIED**. An appropriate Order accompanies this Opinion.

**Dated:** June 22, 2022,

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
